# ORIGINAL

**FILED**

APR 25 2005

**U.S. DISTRICT COURT
FLINT, MICHIGAN**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND L. RUCKER,

                Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

_____/

Case No.:  04-CV-73636-DT

HON. GEORGE CARAM STEEH
MAG. JUDGE WALLACE CAPEL, JR.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Plaintiff, Raymond L. Rucker, Jr., has filed a Complaint seeking judicial review of a denial of his request for waiver of recovery for overpayment of social security benefits. On January 11, 2005, the Defendant filed a "Motion to Dismiss," claiming that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

In support of its Motion, Defendant attached a Declaration of Earnest Baskerville, Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Hearings and Appeals, Social Security Administration, which establishes that Plaintiff failed to exhaust his administrative appeal remedies and obtain a final decision from the Social Security Administration. Defendant maintains that the Court lacks jurisdiction to review until Plaintiff exhausts his administrative remedies.

## II.  ANALYSIS

42 U.S.C. § 405(g) in relevant part states:

> Any individual after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

"Section 405(g) provides a jurisdictional basis for review of a final decision of the Commissioner denying a waiver of recovery of an overpayment of Title II disability benefits." McCarthy v. Apfel, 221 F.3d 1119, 1122 (9th Cir. 2000); *see also* Califano v. Yamasaki, 442 U.S. 682, 686-87, 99 S.Ct. 2545 (1979).

Two conditions must be satisfied to establish federal court jurisdiction to review a decision of the Commissioner of Social Security. First, a claimant must exhaust his administrative remedies and, second, the Commissioner must issue a final decision. *See* Pohlmeyer v. Secretary of Health and Human Services, 939 F.2d 318, 320 (6th Cir. 1991). Plaintiff has not met those conditions in this case, as he has not exhausted his administrative remedies, and the Commissioner has not issued a final decision. Defendant, therefore, is correct in arguing that the Court lacks jurisdiction to review, and that Plaintiff's Complaint should be dismissed.

## III.  CONCLUSION

For the reasons stated above, it is respectfully recommended that Defendant's Motion be **GRANTED** and Plaintiff's Complaint be **DISMISSED**.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this

2

recommendation that they may serve and file specific, written objections to the proposed findings

and recommendations. Further, either party may respond to another party's objections within ten

days after being served with a copy thereof. The parties are further informed that failure to timely

file objections may constitute a waiver of any further right of appeal to the United States Court of

Appeals. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

   In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the

Court, in its discretion, may enlarge the period of time in which to file objections to the report.


WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

Date: _____ APR 2 5 2005 _____

3

ORIGINAL FILED

**CERTIFICATION OF SERVICE**

APR 25 2005

U.S. DISTRICT COURT
FLINT, MICHIGAN

UNITED STATES OF AMERICA )

) ss     Case No.: 04-CV-73636–DT

EASTERN DISTRICT OF MICHIGAN   )

I, the undersigned, hereby certify that I have on the <u>25th</u> day of <u>April 2005</u>, mailed

a copy of the "<u>Report and Recommendation</u>," in the foregoing cause, pursuant to Rule

77(Davenport), Fed.R.Civ.P., to the following:

Honorable George Caram Steeh
United States District Judge
231 W. Lafayette, Room 2335
Detroit, Michigan 48226

James A. Brunson
Assistant United States Attorney
101 First Street, Suite 200
Bay City, Michigan 48708

Raymond L. Rucker
15711 Cherrylawn
Detroit, Michigan 48238

Marsha Heinonen
Deputy Clerk